**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4456**

_____

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

     v.

LYNDON DUNHAM,

                   Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  W. Earl Britt, Senior District Judge.  (7:11-cr-00166-BR-1)

_____

Submitted:  December 17, 2013      Decided:  December 19, 2013

_____

Before KING, GREGORY, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark D. Stewart, BURCH LAW OFFICE, Greenville, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lyndon Dunham pleaded guilty pursuant to a written plea agreement to Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951, 2 (2012), and possessing a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (2012). Dunham received a sentence of forty-one months' imprisonment for the robbery, followed by a consecutive eighty-four months for the firearm offense. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning the district court's compliance with Federal Rule of Criminal Procedure 11 and the reasonableness of the sentence. Dunham was advised of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm.

Because Dunham did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Dunham must establish that an error occurred, was plain, and affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013); United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record establishes

2

that the district court substantially complied with Rule 11's requirements, ensuring that Dunham's plea was knowing and voluntary.

We review Dunham's sentence for reasonableness, "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we presume that the sentence is reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda,

3

445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that the district court committed neither procedural nor substantive error in sentencing Dunham. The court correctly calculated and considered as advisory the applicable Guidelines range. After hearing argument from defense counsel for a downward variance and allocution from Dunham, the district court explained that the Guidelines adequately accounted for Dunham's lack of criminal history and that a within-Guidelines sentence therefore was appropriate. Counsel does not offer any grounds to rebut the presumption on appeal that Dunham's within-Guidelines sentence is substantively reasonable, and our review reveals none. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Dunham.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Dunham's conviction and sentence. This court requires that counsel inform Dunham, in writing, of the right to petition the Supreme Court of the United States for further review. If Dunham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

4

representation.  Counsel's motion must state that a copy thereof was served on Dunham.

AFFIRMED